**Charles Robert FRANK, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

No. 95–SC–180–TG.

Supreme Court of Kentucky.

Oct. 19, 1995.

Ann T. Eblen, Louisville, for Appellant.

Chris Gorman, Attorney General, Joseph R. Johnson, Assistant Attorney General, Criminal Appellate Division, Frankfort, for Appellee.

WINTERSHEIMER, Justice.

This appeal is from a judgment based on a jury verdict which sentenced Frank to twenty years in the penitentiary for second-degree burglary and for theft by unlawful taking of more than $300. He was sentenced to five years for second-degree burglary and five years for theft by unlawful taking to run consecutively and as a persistent felony offender in the first degree, for a total sentence of twenty years.

The questions presented are whether Frank was denied due process when he was required to give his fingerprints in a court room demonstration; whether the testimony of a police officer was hearsay and whether it was error to allow testimony from which the jury could infer that the defendant was on furlough from jail when the crimes were committed.

The victim testified that upon returning to her home from her husband's funeral visitation, she found the entire house in shambles with every room having been ransacked and items of jewelry missing. Frank denied having been in the area of the burglary. Upon conviction, this appeal followed.

Frank emphatically denied that the fingerprints taken at the scene of the burglary belonged to him. Frank argues that his right to remain silent was violated when the Commonwealth ordered him to be fingerprinted in open court. In this case, Frank raised the issue by his denial that his fingerprints were found at the burglary scene. There was no violation of *Doyle v. Ohio,* 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976). This is not a new issue in Kentucky because this Court has previously ruled that at the trial itself, the defendant may be required to submit to the taking of his fingerprints. *Riley v. Commonwealth,* Ky., 620 S.W.2d 316 (1981).

At the trial itself, an accused may be required to take the stand so that he may be observed; to remove a veil, visor, mask, glasses; to exhibit his hands; to roll up his sleeve to show a tattoo; to submit to the taking of his fingerprints; to remove his coat and shirt to show scars; to allow inspection of his face for identifying marks; to move his feet into view; or to put on a garment, hat, or cap.

The *Riley* case gives a definitive statement of what may be required of the defendant in regard to demonstrative evidence. The case

also serves as a legal bibliography for the general subject, although the conviction was reversed on other grounds in that case. Here, Frank waived any objection to the taking of fingerprints during trial when he denied that they were his fingerprints found at the scene of the burglary.

Frank also contends that the trial court erred to his substantial prejudice and denied him the right to confrontation when, over defense objection, the prosecutor was allowed to place before the jury alleged hearsay testimony by a police officer. We disagree.

A police officer testified that he was in the neighborhood of the burglary because of a report of a suspicious person. He did not identify the suspicious person or the person who made the report. It was not until cross-examination by defense counsel that a link was established between Frank and this suspicious person. Consequently, Frank is prevented from complaining when the prosecution then elicited more information because Frank had opened this line of inquiry and made the connection during cross-examination of a prosecution witness.

It was only on redirect that the identity of the caller was presented. A defendant's objection to evidence is waived by subsequent cross-examination of a prosecution witness in respect to the same matter. *Asher v. Commonwealth*, Ky., 275 S.W.2d 416 (1955).

Finally, Frank maintains that the prosecutor was permitted to place before the jury testimony inferring conviction of unrelated collateral criminal activity by the defendant. In this case, it was learned during direct examination of a defense witness that Frank had worked in a jail. There was no evidence that he had previously been convicted of any crime. However, on redirect examination of a defense witness, it was developed for the first time by the defense that Frank was actually on furlough from the jail. Frank cannot now successfully raise such an issue on appeal because it was the defense that first presented the fact of furlough from which the jury might have inferred for the first time that he had previously been convicted of some criminal offense. Frank effectively waived his right to contest this issue on appeal.

The judgment of conviction is affirmed.

STEPHENS, C.J., FUQUA, LAMBERT, REYNOLDS and STUMBO, JJ., and LEVIN, Special Justice, concur.